NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3113

DEBORAH A. STEPHENS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Deborah A. Stephens, of Marietta, Georgia, pro se.

David F. D'Alessandris, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3113

DEBORAH A. STEPHENS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: August 23, 2007

_____

Before RADER and SCHALL, Circuit Judges, and FARNAN, District Judge. [*]

RADER, Circuit Judge.

The Merit Systems Protection Board denied appellant's request for enforcement of the settlement agreement reached in a dispute between Ms. Stephens and her employer, the Department of the Army. Because substantial evidence supports the final decision of the Board, this court affirms.

I

Ms. Stephens was removed from her position as an Administrative Support Assistant with the First United States Army at Fort Gillem, Georgia for being Absent Without Leave (AWOL), failing to follow established leave protocol, and failing to follow

_____

[*] Honorable Joseph J. Farnan, Jr., District Judge, United States District Court for the District of Delaware, sitting by designation.

supervisory instructions. During a hearing held on October 12, 2006, Administrative Judge, Joseph E. Clancy, encouraged the parties to discuss a settlement. After a brief recess, a settlement was reached between the parties which fully resolved their dispute.

Judge Clancy issued an order on October 16, 2006 recording the terms of the settlement which included the reinstatement of Ms. Stephens, the removal of certain negative documents from her file, and permission to use her accrued sick leave. Ms. Stephens agreed to waive her right to pursue this matter further (excluding her ongoing EEOC case) and fill out retirement paperwork as soon as it became available.

On January 9, Ms. Stephens filed a petition of enforcement with the MSPB. Ten days later, without waiting for the board's decision, she filed this appeal. The MSPB, on April 12, of this year denied Ms. Stevens enforcement petition.

II

As an initial matter, this court is without jurisdiction to hear this appeal. 5 C.F.R. § 1201.120 provides that "any employee…who is adversely affected by a final order or decision of the Board under the provisions of 5 U.S.C. § 7703 may obtain judicial review in the United States Court of Appeals for the Federal Circuit." The MSPB decision had not yet issued when Ms. Stephens brought this appeal.

III

Putting that aside, to the extent that this court has jurisdiction to review this case, the decision of the MSPB to deny the petition of enforcement is affirmed.

This court must affirm any MSPB actions, findings, or conclusions not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having

2007-3113                                      2

been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

To show a breach of a settlement agreement a party must show material non-compliance with the terms of the contract by the opposing party Gilbert v. Dept. of Justice, 334 F.3d 1065, 1071 (Fed. Cir. 2003). Ms. Stephens has failed to do this. In fact, evidence shows that the Army has complied with its obligations under the settlement agreement, while Ms. Stevens has not filed for retirement as required

The agreement is lawful on its face, understood by the parties, and entered into freely by the parties. There is no evidence of breech on the part of the Army. Accordingly, the decision of the MSPB to deny the petition for enforcement is affirmed.