NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3338

DEBORAH A. STEPHENS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

<u>Deborah A. Stephens</u>, of Woodstock, Georgia, pro se.

<u>Leslie Cayer Ohta</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were <u>Jeanne E. Davidson</u>, Director, and <u>Kenneth M. Dintzer</u>, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3338

DEBORAH A. STEPHENS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT-0752-06-0614-C-2.

_____

DECIDED: April 24, 2009

_____

Before NEWMAN, FRIEDMAN, and MAYER, Circuit Judges.

PER CURIAM.

The question in this case is whether a former government employee is entitled to retain $27,350 that the government erroneously paid her in the mistaken belief that a settlement agreement terminating her challenge to her removal required such payment. The payment covered her salary for the nearly 11-month period for which she was absent without leave from work. The Merit Systems Protection Board ("Board") held that the government had not violated the settlement agreement by seeking recovery of that payment. We affirm.

I

The Army removed the pro se appellant Deborah A. Stephens effective April 27, 2006, because she had not worked since the fall of 2005. During that period when she was absent without leave ("AWOL"), the Army showed her in a leave-without-pay status.

Stephens challenged her removal before the Board, and the parties settled the case on October 12, 2006, when they read into the record before the Board's administrative judge the terms of a settlement agreement. Four days later, on October 16, the administrative judge issued an order that summarized the parties' agreement. On October 27, Stephens wrote the Army stating her understanding of the agreement. The settlement agreement was reduced to writing on November 16, 2006. (Hereinafter "settlement agreement" refers to the written agreement). The administrative judge's order stating the parties' understanding was attached to the settlement agreement.

In the settlement agreement the government agreed to cancel Stephens' removal and to eliminate any AWOL charge against her. She agreed to retire voluntarily as of August 31, 2006. The result of this back-dating of her retirement was to enable the Army to pay her a $25,000 retirement bonus, which it agreed to do. She also was permitted to use all of her accrued annual and sick leave. One effect of the settlement agreement was to eliminate Stephens' $6088.72 indebtedness to the government reflecting overpayments for the time she was AWOL.

On December 7, 2006 the Army erroneously paid her $27,350.10 reflecting the amount she would have earned had she worked during the time she was AWOL. Two weeks later the Army requested her to return that amount. Stephens then sought a

waiver of the overpayment refund, stating: "I do not owe this debt and this debt breaches the settlement agreement."

Stephens challenged the Army's request to return the $27,350 by filing with the Board a petition to enforce the settlement agreement, which she contended the Army had breached by seeking the repayment. In his initial decision, which became final when the Board refused to review it, the Board's administrative judge denied enforcement because he held that the Army had complied with the settlement agreement and that the $27,350 was an overpayment which Stephens was not entitled to retain.

In the interval between the administrative judge's initial decision and the Board's denial of review, Stephens filed with this court an appeal from the initial decision denying the petition for enforcement. This court affirmed. It held that it lacked jurisdiction to hear the appeal because it was not from a "final" Board decision or order. It then ruled that "to the extent" this court had jurisdiction, the Board's denial of enforcement was affirmed because "[t]here is no evidence of breach" by the Army. Stephens v. Dep't of the Army, 2007-3113, slip. op. at 2, 3 (Fed. Cir. 2007).

II

Stephens contends that the settlement agreement entitled her to the pay she would have received during the time she was AWOL had she worked, and that the Board therefore should have enforced the settlement agreement to permit her to retain the $27,350 the Army paid her erroneously. The Board correctly rejected this contention.

The only provision of the settlement agreement that dealt with the restoration of Stephens' benefits was subparagraph (c), which stated:

Retroactive pay to appellant. The agency will cancel all AWOL charges starting on October 13, 2005 until the effective date of her retirement action, and will retroactively approve [Stephens'] use of accrued sick leave. The agency will carry the employee on sick leave until the sick leave is exhausted. The agency will restore [Stephens'] annual leave from October 13, 2005 to August 31, 2006, in accordance with applicable rules and regulations. This correction of time cards will correct an overpayment of $6,088.72 as addressed in letter issued to [Stephens] by DFAS, dated January 21, 2006.

The caption of this provision – "Retroactive pay to appellant" - is merely descriptive. It generally describes the subject matter of the provision that follows it. It is similar to the captions of the three other provisions of the settlement agreement (subparagraphs a, b, and d) that state the Army's obligation under that agreement. The caption does not create or provide any specific obligations or entitlements. Cf. Bhd. of R.R. Trainmen v. Balt. & Ohio R.R., 331 U.S. 519, 528-29 (When interpreting statutes, "the title …of a heading of a section cannot limit the plain meaning of the text."). The government's obligations under this paragraph are stated in the language that follows the caption.

Nothing in this language promises Stephens or obligates the government to provide back pay for the time Stephens did not work because she was AWOL. It deals only with sick and annual leave and the cancellation of "all AWOL charges" during that period. Contrary to Stephens' apparent contention, the cancellation of her AWOL charges did not also terminate her leave-without-pay status while she was AWOL. The settlement agreement did not retroactively cancel that status.

The settlement agreement was detailed and specific about the parties' respective obligations and entitlements. If the agreement was intended to require the Army to pay

her the salary she would have earned had she worked during her AWOL period, presumably it would have explicitly so provided. The settlement agreement simply did not entitle Stephens to back pay for that period.

We have considered Stephens' other contentions, but they are unpersuasive.

## CONCLUSION

The decision of the Board is affirmed.